12-2527-cr
*United States v. Ulloa-Mejia*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
         J. CLIFFORD WALLACE,*
                  *Circuit Judges.*

--------------------------------------------

UNITED STATES OF AMERICA,

                           *Appellee,*

         -v.-                                    12-2527-cr

FREDIS HONAN ULLOA-MEJIA,

                           *Defendant-Appellant.*

--------------------------------------------

FOR APPELLANT:      Lisa A. Peebles, Federal Public Defender,
                    Office of the Federal Public Defender for
                    the Districts of Northern New York and
                    Vermont, Syracuse, NY.

FOR APPELLEE:       Paul D. Silver, Daniel C. Gardner,
                    Assistant United States Attorneys, *for*

---

\* Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Northern District of New York is **AFFIRMED.**

Defendant-Appellant Fredis Honan Ulloa-Mejia appeals from a judgment pursuant to an April 27, 2012 Memorandum Decision and Order by the United States District Court for the Northern District of New York (Mordue, *J.*) denying Defendant's motion to dismiss the one-count indictment charging Defendant with illegally re-entering the United States after being removed, in violation of 8 U.S.C. § 1326(a). Defendant argued that the prior *in absentia* removal order could not be used as a predicate for establishing a violation of 8 U.S.C. § 1326(a) because it was issued, he asserted, in violation of his due process rights. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2005, at age fifteen, Defendant traveled from Honduras to the United States. He was apprehended in Texas

and issued a notice to appear on an unspecified future date. Defendant was directed to update immigration officials of any change in his address to ensure that Defendant received notice of the date for his hearing.  There is no evidence that Defendant informed immigration officials that he relocated to North Carolina to live with his mother. Defendant was ordered removed *in absentia* in October 2005. In February 2012, after he was denied refugee status in Canada, Defendant again entered the United States illegally. He was immediately apprehended and charged with violating 8 U.S.C. § 1326(a).  Defendant pled guilty but reserved the right to appeal the district court's order denying his motion to dismiss the indictment.

A defendant may collaterally attack the validity of a deportation order upon which a violation of 8 U.S.C. § 1326(a) is based.  8 U.S.C. § 1326(d); *United States v. Calderon*, 391 F.3d 370, 374 (2d Cir. 2004).  "To do so, however, an alien must 'demonstrate [ ] that (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial

3

review; and (3) the entry of the order was fundamentally unfair.'" *Id.* (quoting 8 U.S.C. § 1326(d)) (alterations in original).

We agree with the district court that Defendant failed to satisfy any of the three requirements of 8 U.S.C. § 1326(d). Defendant principally argues that the 2005 removal order violated due process because Defendant was fifteen years old at the time he received the notice to appear and neither he nor his parents were notified of the scheduled time and place for Defendant's hearing. However, immigration officials need only inform the parents of a "minor," defined in the immigration context as an individual "under the age of 14." 8 C.F.R. § 236.2.

In addition, Defendant failed to provide immigration officials with his new address after he relocated to North Carolina, despite being explicitly informed that he was required to keep his contact information current. It is not fundamentally unfair to enter an order of removal *in absentia* against an individual who does not receive notice by virtue of his failure to provide immigration officials with a current address. *See*, *e.g.*, *United States v. Hinojosa-Perez*, 206 F.3d 832, 837 (9th Cir. 2000).

4

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk